[No. 1964.  Decided November 14. 1895.]

JOHN O. WILSON, *Appellant*, v. THE BOARD OF STATE
LAND COMMISSIONERS, *W. T. Forrest, Erastus Brain-
ard and S. J. Chadwick.*

TIDE WATERS — HARBOR LINES — DISESTABLISHMENT.

The act of March 21, 1895 (Laws 1895, p. 406), authorizing the
disestablishment of harbor lines in front of towns under certain
conditions is unconstitutional as being in conflict with art. 15 of the
state constitution, which contemplates that such lines, when once
established shall forever remain so.

Appeal from Superior Court, Chehalis County —
Hon. MASON IRWIN, Judge.   Reversed.

*Austin E. Griffiths*, for appellant.

*S. J. Chadwick*, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The question involved in this case is,
is the act of March 21, 1895 (Laws, p. 406), authoriz-
ing, under certain conditions, the disestablishment
of harbor lines in front of towns, consistent with art.
15 of the constitution, this being an attempt by in-
junction to prevent the disestablishment by respond-
ents of the harbor lines in front of the town of Cos-
mopolis.

Demurrer to complaint was sustained, and excep-
tions allowed to orders sustaining demurrer and judg-
ment of dismissal, from both of which this appeal is
taken.   The act under discussion provides, among
other things, that upon the presentation of certain
petitions, release and agreement complying with its
provisions, it shall be the duty of respondent board,
forthwith, " to hear and determine such petitions, and

if it be determined that such petitions are made in good faith, and that the provisions of this act have been fully complied with, it shall be obligatory upon the board at once, to disestablish such harbor lines;" *Provided*, "Nothing in this act shall be deemed to apply to, or in any wise affect any harbor line heretofore established at or in front of any city."

It is conceded by the appellant that the statute is plain in its provisions and was passed for the special purpose of enabling such harbor lines as the one in question to be set aside, also that the petitioners have brought their case in all respects within the provisions of the act of March 21, 1895, above referred to; and it is also admitted that the town of Cosmopolis is a town of the fourth class, duly incorporated under the general laws applicable to the incorporation of towns. Sec. 1 of art. 15 of the constitution, after making provisions for appointment of harbor line commission, provides the duty of such commission, viz.: to "establish harbor lines in the navigable waters of all harbors, estuaries, bays and inlets of this state, wherever such navigable waters lie within or in front of the corporate limits of any city, or within one mile thereof upon either side," and certain area within any such lines " shall be forever reserved for landings, wharves, streets, and other conveniences of navigation and commerce."

It is conceded by the respondents that the power sought to be exercised by the board in this case could not be exercised in the case of a city, but it is insisted that the constitutional inhibition does not extend to the disestablishment of harbor lines heretofore established in front of towns. It seems to us that this question has been squarely decided by this court in the case of *State, ex rel. Stimson Mill Co., v. Harbor Line*

*Commissioners,* 4 Wash. 6 (29 Pac. 938), where it was held that "the board of harbor line commissioners is authorized, under art. 15, § 1, of the constitution, to establish harbor lines in front of towns as well as cities." This decision is noticed by the respondent in his brief, but he insists that it is not applicable to the case at bar, and that the reference to § 3 of art. 15 by the court in the case above mentioned was not warranted by any fact arising in the case then at bar, but that the decision was based upon the relation of the statutes then in force to said art. 15. We have examined that decision with some care, and also the brief of respondent in that case, which contains the following statement:

"The question is here squarely presented, then, whether the constitution gives to the board of harbor line commissioners any jurisdiction to lay out harbor lines in front of a *town,* as distinguished from a *city.* The appellants argue that it does, and seem to rest their arguments mainly upon the use of the broad term 'municipal corporations' in § 3 of art. 15 of the constitution."

The brief of the appellant also states the same proposition, and relies upon the phraseology of § 3; and the opinion shows conclusively that the court was construing the constitutional provision rather than the statutes, as it was conceded that the powers of the board of harbor line commissioners were dependent upon the constitution. It will not do to hold that the constitution in the article referred to used the word "city" with reference to towns for the purpose of compelling the establishment of harbor lines, and then construe the same section to mean exactly the opposite for the purpose of destroying the same lines; and if it were an original proposition before this court, we should be inclined to render the same decision.

We think that all the power that can be exercised by the legislature is found in § 2, which provides that "the legislature shall provide general laws for the leasing of the right to build and maintain wharves, docks, and other structures, upon the areas mentioned in § 1 of this article," and no other interference was allowed excepting the privilege granted to municipal corporations to extend their streets over intervening tide lands, to and across the areas reserved. It was evidently the intention of the constitution to place this question at rest when the harbor lines had once been established, and the argument of the appellant in relation to the expediency of the law, viz., that these lines are more often an impediment to commerce and navigation than otherwise, is an argument which, in our judgment, would have been more properly addressed to the makers of the constitution; but as the law now stands, we are of the opinion that the only way to disestablish a harbor line is through the agency of a constitutional amendment.

It follows that the cause will be reversed, with instructions to the lower court to overrule the demurrer and grant the injunction prayed for.

HOYT, C. J., and ANDERS and GORDON, JJ., concur.